UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CRYSTAL WHITE and ALBERT CUSEO, III,
    *Plaintiffs*,

v.

CONNECTICUT JUDICIAL BRANCH,
    *Defendant*.

No. 3:23-cv-100 (JAM)

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Plaintiffs Crystal White and Albert Cuseo III have filed this federal RICO lawsuit against the Connecticut Judicial Branch. But because their complaint does not appear to allege facts that give rise to a claim over which the Court may exercise jurisdiction and for which it may grant relief, the Court issues this order to show cause to require the plaintiffs either to file a response that explains why the complaint should not be dismissed or to file an amended complaint that overcomes the concerns stated in this ruling.

**BACKGROUND**

According to the complaint, "[t]he Plaintiffs are seeking the determination that the Stamford Superior Court of Connecticut and the Bridgeport Superior Court of Connecticut meet the criteria of an 'Enterprise' as defined in the Federal Racketeer Influenced and Corrupt Organizations Act (RICO)."[1] They seek this initial determination so that they may file an amended complaint.[2]

The caption of the complaint names only one defendant: the Connecticut Judicial Branch.[3] The body of the complaint identifies additional putative defendants including: Wells

---

[1] Doc. #1 at 1 (¶ 3).
[2] *Id.* at 2 (¶¶ 4–5).
[3] *Id.* at 1.

1

Fargo Bank, Connecticut Governor Ned Lamont, Residential Credit Opportunities Trust VII-A, and Etchasoft Incorporated.[4]

The complaint alleges without elaboration that "[t]he Plaintiffs will prove in their electronically filed Amended Complaint that the defendants profited from multiple, ten year long, ongoing schemes to defraud the Plaintiffs," and that "[t]he Defendants and many Culpable Persons have used multiple government and nongovernment enterprises to defraud the Plaintiffs."[5] But beyond these ominous and conclusory allegations, the complaint lacks any allegations of fact to describe what any of the defendants did wrong or whether any of the plaintiffs have been injured by the defendants.

Count One of the complaint alleges that the defendants violated RICO.[6] Count Two of the complaint seeks a declaratory judgment.[7]

## DISCUSSION

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is proceeding *pro se*, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (*per curiam*).[8] Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).

---

[4] *Id.* at 2–3 (¶ 7).
[5] *Id.* at 3 (¶¶ 11–12).
[6] *Id.* at 3–6.
[7] *Id.* at 7.
[8] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that the plaintiffs may promptly respond or file an amended complaint that addresses these concerns.

The Court's first concern is that the complaint lacks any factual allegations about what each one of the defendants did to cause injury to the plaintiffs and in violation of the legal rights of the plaintiffs. Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. The Supreme Court has ruled that Article III creates a constitutional "standing" requirement—that a federal court may adjudicate a case only if a plaintiff establishes that they personally suffered a concrete injury that was likely caused by a defendant's alleged wrongdoing and that would likely be redressed by a grant of judicial relief. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *Silva v. Farrish*, 47 F.4th 78, 86 (2d Cir. 2022). In addition, the Federal Rules of Civil Procedure require that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a complaint includes no factual allegations at all about what the defendants did wrong, then a complaint has not established that the plaintiff has "standing" to maintain an action or that the plaintiff is entitled to relief.

The Court's second concern is that the plaintiffs seek an order of relief against the Connecticut Judicial Branch. It is common for *pro se* plaintiffs who have litigated and lost in the state courts of Connecticut to believe that they may go to federal court and sue the Connecticut Judicial Branch or some other part of the state court system such as a particular Superior Court of the State of Connecticut. But the Eleventh Amendment to the U.S. Constitution and related

3

principles of state sovereign immunity generally divest the federal courts of jurisdiction over lawsuits by private citizens against the States, any state government entities, and any state government officials in their official capacities. *See generally Lewis v. Clarke*, 137 S. Ct. 1285, 1290–91 (2017); *T.W. v. N.Y. State Bd. of L. Examiners*, 996 F.3d 87, 92 (2d Cir. 2021). For this reason, federal courts routinely dismiss lawsuits by frustrated state court litigants against the Connecticut Judicial Branch. *See, e.g.*, *Sargent v. Emons*, 582 F. App'x 51, 52 (2d Cir. 2014); *Lynch v. Jud. Branch*, 2019 WL 3716511, at *2 (D. Conn. 2019); *Swinton v. State of Conn. Jud. Branch*, 2016 WL 4257326, at *2 (D. Conn. 2016); *Skipp v. Conn. Jud. Branch*, 2015 WL 1401989, at *7 (D. Conn. 2015).

## CONCLUSION

It appears that the complaint does not allege facts to establish a plausible ground for the Court's exercise of jurisdiction or for a grant of relief and is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). The Court intends to dismiss this action unless by **February 9, 2023** the plaintiffs either file a response explaining why the complaint should not be dismissed or file an amended complaint that overcomes the concerns stated in this ruling.

It is so ordered.

Dated at New Haven this 26th day of January 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge